UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEHU HAND,<br><br>  Petitioner,<br><br>  v.<br><br>STEVEN MERLAK, et al.,<br><br>  Respondents. | No. 1:19-cv-01144-NONE-SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DENYING PETITIONER'S MOTION FOR DISCOVERY, AND DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE AND CLOSE CASE<br><br>(Doc. Nos. 8, 12, 15) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On March 11, 2020, the assigned magistrate judge issued findings and recommendations granting respondent's motion to dismiss, denying petitioner's motion for discovery, and dismissing the petition without prejudice. (Doc. No. 15.) On March 23, 2020, Petitioner filed timely objections. (Doc. No. 16.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a de novo review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis.

/////

First, the findings and recommendations correctly concluded that petitioner's claim under the Elderly Offender Home Detention Program (EOHD Program) was not ripe for adjudication because he does not yet meet the eligibility requirements.  Second, the findings and recommendations correctly indicate that petitioner failed to exhaust his administrative remedies with respect to his earned time credits (ETC) claim.  Eligibility under the EOHD Program requires, among other things, that an inmate has served at least two-thirds of his or her prison sentence.  34 U.S.C. § 60541(g)(5)(A)(ii).  Petitioner's ETC claim seeks a declaratory judgment ruling that the EOHD Program's two-thirds calculation includes ETC.  (Doc. No. 1 at 2–3.)  In his objections to the findings and recommendations, petitioner argues that seeking exhaustion of his claim regarding the interaction and cumulative effects of ETC with the EOHD Program is futile.  Petitioner directs the court's attention to exhibits 1 and 2 to his petition to demonstrate that "Respondent at all levels of the administrative review process ignored Petitioner's request to resolve these issues."  (Doc. No. 16 at 4.)  However, the attached exhibit 1 concerns petitioner's EOHD Program processing claim, which is not relevant in determining whether petitioner has properly exhausted his ETC claim.  (Doc. No. 1 at 20–26.)  The attached exhibit 2, which does concern petitioner's ETC claim, is petitioner's informal request and request for administrative remedy at Taft Correctional Institution.  (*Id.* at 27–29.)  In those requests, petitioner asked if the EOHD Program's two-thirds calculation includes ETC.  (*Id.*)  Petitioner also requested that any response to his question "check a box" selecting one of the predetermined answers written by him.  (*Id.* at 29.)  The response to the informal request stated that the EOHD Program's two-thirds calculation does not include ETC.  (*Id.* at 28.)  The fact that the response provided a narrative answer, but did not "check a box," does not demonstrate that petitioner's request was "ignored" as he claims.  (Doc. No. 16 at 4.)  Petitioner has failed to demonstrate why exhaustion of his administrative remedies in his case is futile, and therefore he is required to complete all steps of the administrative remedy system before seeking habeas relief, which requires him to administratively appeal the response he received regarding his ETC claim.  Finally, petitioner's motion for discovery was correctly denied in light of his dismissed claims.

/////

Accordingly:

1. The findings and recommendations issued on March 11, 2020 (Doc. No. 15) are adopted;
2. Respondent's motion to dismiss (Doc. No. 8) is granted;
3. Petitioner's motion for discovery (Doc. No. 12) is denied;
4. The petition for writ of habeas corpus is dismissed without prejudice; and
5. The Clerk of Court is directed to assign a district judge to this case for the purpose of closing the case and then to close the case.

IT IS SO ORDERED.

Dated: **June 15, 2020**

  /s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE

3